UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JARED S. FICHTELBERG,

    Plaintiff,

v.                                      Case No: 2:16-cv-78-FtM-38CM

EMPIRE BUFFET, INC,

    Defendant.

### REPORT AND RECOMMENDATION[1]

This matter comes before the Court upon review of the file. On July 7, 2016, the Court denied without prejudice Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs ("Application", Doc. 2), which the Court construed as a motion to proceed *in forma pauperis*. Doc. 8.[2] The Court found that Plaintiff's complaint was not sufficiently pled and consequently denied Plaintiff's motion without prejudice to allow Plaintiff the opportunity to submit an amended complaint. *Id.* at 2-6. The Court provided Plaintiff until August 4, 2016 to submit an amended

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

[2] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

complaint, and he has failed to do so. *Id.* at 6.

On January 29, 2016, *pro se* Plaintiff Jared S. Fichtelerg filed a complaint under the Americans with Disabilities Act ("ADA"). Doc. 1. Simultaneous with the complaint, Plaintiff filed his Application (Doc. 2), which the Court construed as a motion to proceed *in forma pauperis*. Doc. 8 at 1. Pursuant to 28 U.S.C. §1915(e)(2), the Court reviewed the complaint to determine whether it was sufficiently pled. *Id.* at 2-6. The Court found that Plaintiff's Complaint (Doc. 1) fails to state a claim on which relief may be granted. *Id.* at 2-5.

With respect to whether a complaint "fails to state a claim on which relief may be granted," Section 1915(e)(2)(B)(ii) mirrors the language of Federal Rule of Civil Procedure 12(b)(6), so courts apply the same standard in both contexts. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. *Id.* (quotations and citation omitted). Instead, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683-84 (11th Cir. 2001) (internal quotation and citation omitted). If the complaint is deficient, the Court is required to dismiss the suit *sua sponte*. *See* 28 U.S.C. § 1915(e)(2).

Here, Plaintiff has filed a complaint against Defendant Empire Buffet, Inc. Doc. 1. Plaintiff alleges that upon arrival at Defendant's restaurant with his service dog, he was approached by the restaurant manager and was told to vacate the premises due to the presence of his service dog. Doc. 1 at 1. The complaint states that Plaintiff intends to show that Defendant violated his rights under the ADA. Title III of the ADA applies to discrimination of the disabled with regard to public accommodations and services operated by private entities. 42 U.S.C. § 12181 *et seq.*

In order to state a claim under Title III of the ADA, the plaintiff must allege that (1) he is disabled (within the meaning of the ADA), (2) the defendant is a place of public accommodation (3) the defendant denied him full and equal enjoyment of its goods, services, facilities, or privileges, and (4) the denial was based on the plaintiff's disability. *Holloman v. Burger King Restaurant,* No. 3:13-cv-1138-J-39PDB, 2014 WL 1328922, at* 1 (M.D. Fla. 2014) (citing *Schiavo ex rel Schindler v. Schiavo,* 403 F. 3d 1289, 1299 (11th Cir. 2005)). *See also Davis v. MA,* 848 F. Supp. 2d 1105 (C.D. Cal. 2012) (where a customer was denied service in a restaurant due to having his service dog). Only injunctive relief is available to individual plaintiffs under Title III; monetary damages are not. *Holloman,* 2014 WL 1328922 at* 3 (citing *Jairath v. Dyer,* 154 F.3d 1280, 1283 n.7 (11th Cir. 1998).

In order for Plaintiff's complaint to satisfy Fed. R. Civ. P. 12(b)(6) requirements, he must allege all components of a Title III ADA claim. Here, Plaintiff claims the Defendant violated the ADA; however, he has not stated that he is disabled within the meaning of the ADA. Doc. 1 at 1-2. Therefore, this alone determines

that Plaintiff failed to state a proper ADA claim in his complaint. Additionally, however, Plaintiff has failed to establish that he was denied the full and equal enjoyment of its goods, services, facilities, or privileges based on his disability when he was asked to vacate the premises. The Court excludes legal conclusions and is only left with factual allegations. *Holloman*, 2014 WL 1328922, at *2. As in *Holloman,* the Plaintiff here has not alleged more than a "sheer possibility that the [D]efendant has acted unlawfully." *Id.* The Court can only speculate that the Plaintiff is disabled within the meaning of the ADA since he has not established it in his complaint. *Id.*

Moreover, Plaintiff seeks $50,000 in money damages, but only injunctive relief is available to him. Doc. 1 at 2; *Holloman,* 2014 WL 1328922, at *3. "Although courts liberally construe pro se pleadings, a pro se litigant is still required to conform to procedural rules, and a [ ] judge is not required to rewrite a deficient pleading." *McFarlin v. Douglas Cnty.*, 587 F. App'x. 593, 595 (11th Cir. 2014) (citations omitted)). Therefore, Plaintiff here fails to allege facts, taken as true and liberally construed, which would entitle him to relief under Title III of the ADA.

Additionally, "[u]nder Rule 41(b), a court has authority to dismiss actions for, *inter alia*, failure to obey court orders." *Birdette v. Saxon Mortg*, 502 F. App'x 839, 840 (11th Cir. 2012) (citing *Goforth v. Owens,* 766 F.2d 1533, 1535 (11th Cir. 1985)). *See also Betty K Agencies, Ltd.* v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005). Plaintiff was cautioned that failure to comply with the Court's prior Order within the time permitted would result in the Court recommending that this action

be dismissed. Here, the Court allowed Plaintiff the opportunity to cure the deficiencies in his complaint, and Plaintiff failed to do so.

ACCORDINGLY, it is respectfully **RECOMMENDED that:**

1. This action be **DISMISSED without prejudice.**

2. The Clerk be directed to close the file.

ACCORDINGLY, it is hereby

**ORDERED:**

**DONE** and **ENTERED** in Fort Myers, Florida on this 21st day of August, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record